**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



**FILED**

MAY 23 2014

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 13-30071 |
| Plaintiff - Appellee, | D.C. No. 4:10-cr-00104-GF-SEH |
| v. | |
| JOHN EDWARD LEWTON, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Montana
Sam E. Haddon, District Judge, Presiding

Argued and Submitted May 13, 2014
San Francisco, California

Before: O'SCANNLAIN, BERZON, and TALLMAN, Circuit Judges.

Defendant John Lewton appeals his conviction for violating 36 C.F.R.

§ 261.10(c) by filming a bighorn sheep hunt for profit without a required special

use permit for engaging in commercial activity on National Forest Land. Lewton

contends that the government's evidence is insufficient to support the guilty verdict

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

because the government proved only that he took still digital photos, not video. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

In evaluating a sufficiency of the evidence claim, we "consider the evidence presented at trial in the light most favorable to the prosecution." *United States v. Nevils*, 598 F.3d 1158, 1164 (9th Cir. 2010) (en banc). We may affirm the conviction if the evidence "is adequate to allow *any* rational trier of fact [to find] the essential elements of the crime beyond a reasonable doubt." *Id.* (emphasis and alteration in original) (internal quotations omitted). We think the direct and circumstantial evidence presented to the magistrate judge sitting as the trier of fact was sufficient to meet the Supreme Court standard. *See Jackson v. Virginia*, 443 U.S. 307, 319 (1979).

The evidence established that on August 29, 2008, Phillip Ripepi e-mailed Lewton seeking to hire him to film Ripepi's upcoming bighorn sheep hunt due to the high quality of Lewton's previous hunting videos, which are advertised on the internet and have earned Lewton worldwide recognition. Following that e-mail, the two entered into a $7,000 contract for both video and still photography of the hunt, which Ripepi ultimately paid in full after he shot and killed a bighorn ram on federal land in Montana. Lewton used his large and bulky Canon video recorder/camera throughout the three-day hunt in October 2008. Ripepi testified

2

that he saw Lewton using the video recorder/camera while he hunted for the sheep, and he "assumed" Lewton was filming those activities. After the hunt, Ripepi paid Lewton the $7,000 he owed under the contract and he e-mailed Lewton the following day saying, "I cannot wait for the photos and DVD." After searching Lewton's taxidermy shop and truck on October 7, 2008, following the successful hunt, game wardens recovered 193 still photos but found no video data. The officers also recovered documents in Lewton's shop downloaded from the internet regarding commercial use permits with the headings "Filming on Public Lands" and "When You're Required to Have a Film Permit." Lewton suggests that any video taken of the hunt ending a day earlier should have been seized with the camera and photos. However, he had already transferred the digital photos of the hunt off of his camera and onto his shop laptop, and therefore he had ample opportunity to remove the video data as well.

While we can certainly appreciate that had our dissenting colleague been sitting as the trier of fact she would have voted to acquit, that is not the scope of our review. We cannot say on this evidence that no reasonable fact finder could have found Lewton guilty. It strains common sense to think that Ripepi paid $7,000 for only still photos when he specifically hired Lewton to video his "hunt of a lifetime."

3

While the government did not produce actual video evidence at trial, this evidence was not required to sustain its burden of proof. We think there is nonetheless sufficient direct and circumstantial evidence to permit a rational trier of fact to find Lewton guilty beyond a reasonable doubt under the *Jackson* standard for conducting a business activity or service for commercial benefit and private financial gain, without permit, license, or other lawful authority to conduct such business activity on National Forest lands in violation of 36 C.F.R. § 261.10(c).

**AFFIRMED.**

*United States v. Lewton*, 13-30071

BERZON, Circuit Judge, dissenting:

I respectfully dissent. There was simply not sufficient evidence presented at trial to meet the applicable, beyond-a-reasonable-doubt standard.

Lewton certainly contracted with his customer to produce a film, and his customer thought Lewton had done the filming. But there is simply no evidence that Lewton actually did use the video recording part of his camera, rather than its still photography capability, during the hunt.

On direct examination, Lewton's customer testified that he believed Lewton was filming. But he stated no specific basis for that belief, such as seeing Lewton pan as one does with a film camera or observing him push the buttons on the camera necessary for filming. Indeed, the customer, on cross examination, said that he did not know that the camera could also take stills, indicating that the only basis for his belief that Lewton was filming was that he was using the camera. The customer's observations during the hunt are therefore worth very little as evidence that filming was going on. And although Lewton's customer paid Lewton in full immediately after the hunt, the record does not indicate that he had seen any video footage before doing so.

Moreover, that Lewton had looked at the filming regulations is no more likely to support the inference that he did not follow them than the inference that

he did. He could have decided not to do the filming once he learned that he needed a permit he did not have.

The question is not, as the majority suggests, whether it is necessary to have the DVDs produced to prove beyond a reasonable doubt that Lewton filmed the hunt. Instead the question is what evidence there was that he did the filming, as opposed to promised to do the filming. Given a dual use camera, there simply is insufficient evidence of that — indeed, there is essentially none.

The majority misstates my position as contending that Lewton's customer paid $7,000 for still photos of his hunt. Not so. My point is that there must be sufficient evidence of what Lewton actually did — not what he said he would do, or what his customer thought he had done. Absent evidence of the former, there is insufficient support for us to uphold this verdict.

I respectfully dissent.